```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
EDDIE MURDOCK,

                    Plaintiff,
                                              MEMORANDUM & ORDER
         -against-                            14-CV-0508(JS)(SIL)

LEGAL AID SOCIETY; CINDY D'AMBRA;
P. SPIKE KAUFMAN; ASSIGNED COUNSEL
DEFENDERS PLAN OF NASSAU COUNTY;
GLENN F. HARDY; DEVANE AND GRODER;
JEFFREY GRODER; and KATHLEEN M. RICE,
NASSAU COUNTY DISTRICT ATTORNEY,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Eddie Murdock, pro se
                    #13003401
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, NY 11554

For Defendants
Legal Aid,
D'Ambra, and
Kaufman:            Gregg D. Weinstock, Esq.
                    Garbarini & Scher, P.C.
                    432 Park Avenue South
                    New York, NY 10016

Assigned Counsel
Defenders Plan:     John P. McEntee, Esq.
                    Farrell Fritz, P.C.
                    EAB Plaza
                    West Tower, 14th Floor
                    Uniondale, NY 11556

Hardy:              Andrew Seth Kowlowitz, Esq.
                    Eric D. Mercurio, Esq.
                    Furman Kornfeld & Brennan LLP
                    61 Broadway, 26th Floor
                    New York, NY 10006
```

| | |
|---|---|
| Devane and Groder, and Groder: | Michael Anthony Miranda, Esq.<br>Brian S. Condon, Esq.<br>Miranda Sambursky Slone<br>   Sklarin Verveniotis LLP<br>240 Mineola Blvd.<br>Mineola, NY 11501 |
| DA Rice: | Thomas Lai, Esq.<br>Nassau County Attorney's Office<br>1 West Street<br>Mineola, NY 11501 |

SEYBERT, District Judge:

Plaintiff Eddie Murdock, currently incarcerated and proceeding pro se, commenced this action on January 23, 2014 pursuant to 42 U.S.C. § 1983 against the Nassau County District Attorney, Kathleen M. Rice ("District Attorney Rice"), and his former criminal defense attorneys--Legal Aid Society, Cindy D'Ambra, P. Spike Kaufman, Assigned Counsel Defenders Plan of Nassau County, Glenn F. Hardy, Devane and Groder, and Jeffrey Groder (collectively, "Defendants"). Plaintiff claims that Defendants deprived him of his rights to due process and a speedy trial in connection with a criminal case against him in New York State Supreme Court. Defendants move to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Entries 17, 24, 37, 38, 46.) For the following reasons, Defendants' motions to dismiss are GRANTED.

BACKGROUND[1]

On May 6, 2013, Plaintiff was arrested and charged with grand larceny in Nassau County. (Compl. at 5[2].) In this action, Plaintiff contends that his court-appointed criminal defense attorneys violated his rights to due process and a speedy trial by consenting, without his knowledge and/or consent, to adjournments requested by District Attorney Rice. (Compl. at 5-6.) He claims that this conduct constitutes a conspiracy between his attorneys and District Attorney Rice to deprive him of his constitutional rights in violation of 42 U.S.C. § 1983. (Compl. at 5-6.) The Court also liberally construes the Complaint to assert legal malpractice claims under state law against Plaintiff's former attorneys.

The Complaint seeks: (1) monetary damages; (2) a declaration that "the policies and practices [of adjourning Plaintiff's criminal case] violate [his] due process rights" and "constitute a conspiracy against [his] due process rights"; and (3) an injunction "enjoining[,] prohibiting[,] and restraining defendants from waiving [his] rights . . . without his knowledge or consent . . . ." (Compl. at 8-9.) Defendants all move to

---

[1] The following facts are taken from the Complaint and are presumed to be true for the purposes of this Memorandum and Order.

[2] The page numbers of the Complaint are those supplied by the Electronic Case Filing system.

dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Entries 17, 24, 37, 38, 46.)

DISCUSSION

The Court will first address the applicable legal standard before turning to Defendants' motions.

I. Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

II. <u>Plaintiff's Section 1983 Claims</u>

Plaintiff's former defense attorneys argue that Plaintiff's Section 1983 claims against them should be dismissed because they are not state actors. (<u>See</u> Legal Aid Br., Docket Entry 17-3, at 6-7; Devane and Groder Br., Docket Entry 26, at 2-5; Hardy Br., Docket Entry 38-1, at 11-13; Assigned Counsel Br., Docket Entry 46-3, at 3-4.) District Attorney Rice contends that Plaintiff's Section 1983 claim against her should be dismissed because she is entitled to absolute prosecutorial immunity. (Rice Br., Docket Entry 37-3, at 6.) The Court agrees with Defendants.

A. <u>Plaintiff's Attorneys</u>

Plaintiff's Section 1983 claims against his former defense attorneys fail as a matter of law because they are not state actors. Section 1983 states:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" <u>Rae v. Cnty. of</u>

Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

"Private parties are not proper defendants in a Section 1983 action unless the private parties were acting under color of state law." Lee v. Law Office of Kim & Bae, P.C., 530 F. App'x 9, 9 (2d Cir. 2013) (citations omitted). It is well settled that defense attorneys, even if they are court-appointed or are public defenders, do not act under color of state law when performing traditional functions of counsel. Polk Cnty. v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Sash v. Rosahn, 450 F. App'x 42, 43 (2d Cir. 2011) ("[A] court-appointed criminal defense attorney does not act under color of state law when representing a client . . . ."); Delaraosa v. Serita, No. 14-CV-0737, 2014 WL 1672557, at *3 (E.D.N.Y. Apr. 28, 2014) ("It is well established that court-appointed attorneys, including attorneys associated with a legal aid organization, do not act under color of state law when performing traditional functions of counsel."); Shorter v. Rice, No 12-CV-0111, 2012 WL 1340088, at *4 (E.D.N.Y. Apr. 10, 2012) ("[I]t is axiomatic that neither public defenders, such as Legal Aid attorneys, nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of

6

their position."). Thus, Plaintiff's Section 1983 claims against his former defense attorneys fail as a matter of law, and these claims are dismissed.

    B.   <u>District Attorney Rice</u>

Plaintiff's Section 1983 claims against District Attorney Rice also fail as a matter of law because prosecutors are entitled to absolute immunity from liability in suits seeking monetary damages for acts related to prosecutorial duties. <u>Burns v. Reed</u>, 500 U.S. 478, 486, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991) ("[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case . . . ." (internal quotation marks and citation omitted)); <u>Shmueli v. City of N.Y.</u>, 424 F.3d 231, 236 (2d Cir. 2005) ("It is by now well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." (internal quotation marks and citation omitted)); <u>Dellarosa</u>, 2014 WL 1672557, at *4 (dismissing Section 1983 claim for money damages against assistant district attorney based on absolute immunity); <u>Shorter</u>, 2012 WL 1340088, at *3 (same).

Here, the challenged conduct of District Attorney Rice--<u>i.e</u>, requesting adjournments of Plaintiff's criminal case--unquestionably falls within the scope of her prosecutorial duties.

7

Accordingly, District Attorney Rice is entitled to absolute immunity with respect to Plaintiff's claims seeking monetary damages under Section 1983, and these claims are dismissed.

III. Plaintiff's Section 1983 Conspiracy Claims

As noted, Plaintiff also alleges that his former defense attorneys and District Attorney Rice engaged in a conspiracy in violation of Section 1983. Plaintiff's conspiracy claims also fail as a matter of law.

"[A] private actor acts under color of state law when the private actor is a willful participant in joint activity with the State or its agents." Lee, 530 F. App'x at 9. To state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between two or more state actors or an agreement between a state actor and private party; (2) concerted acts to inflict an unconstitutional injury; and (3) an overt act done in furtherance of the goal of causing damages." Dellarosa, 2014 WL 1672557, at *4 (internal quotation marks and citations omitted).

A conspiracy claim under Section 1983 cannot exist where the alleged state actors have absolute immunity for the underlying conduct. Pinaud v. Cnty. of Suffolk, 52 F.3d 1139, 1148 (2d Cir. 1995) ("[S]ince absolute immunity covers virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate, when the underlying activity at issue is covered by absolute immunity, the plaintiff derives no benefit

from alleging a conspiracy." (internal quotation marks and citations omitted) (second alteration in original)). Here, as explained above, District Attorney Rice is entitled to absolute immunity for the alleged underlying conduct. Plaintiff's defense attorneys therefore had no state actor with whom they could have conspired, rending Plaintiff's conspiracy claim deficient as a matter of law. See Dellarosa, 2014 WL 1672557, at *4 (dismissing Section 1983 conspiracy claim because the assistant district attorney was immune from suit and the criminal defense attorney therefore had no "state actors with whom [he] could have conspired to deprive Plaintiff of his Constitutional rights"). Plaintiff's Section 1983 conspiracy claims therefore fail as a matter of law and are dismissed

IV. Plaintiff's Claims for Declaratory and Injunctive Relief Against District Attorney Rice

Finally, although District Attorney Rice is entitled to absolute immunity from Plaintiff's claim for monetary damages, this immunity does not extend to Plaintiff's request for declaratory and injunctive relief against her. See Shmeuli, 424 F.3d at 239 ("[A]n official's entitlement to absolute immunity from a claim for damages, however, does not bar the granting of injunctive relief, or of other equitable relief." (internal quotation marks and citations omitted)). Nonetheless, because the Court has dismissed Plaintiff's claims against his former

attorneys and his monetary claims against District Attorney Rice, the Court must also dismiss Plaintiff's claims for declaratory and injunctive relief against District Attorney Rice. Plaintiff specifically seeks a declaration that "the policies and practices [of adjourning Plaintiff's criminal proceedings] violate [his] due process rights" and "constitute a conspiracy against [his] due process rights . . . ." (Compl. at 8.) The Court reads the Complaint to seek an injunction prohibiting this conduct. (Compl. at 8.) However, in seeking this relief, Plaintiff only asks the Court "to recognize a past wrong, which, in the context of declaratory relief, does not in itself 'amount to that real and immediate threat of injury necessary to make out a case or controversy.'" Morales v. City of N.Y., --- F. Supp. 3d ----, 2014 WL 4967207, at *5 (S.D.N.Y. Oct. 6, 2014) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 103, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983)); see also LeDuc v. Tilley, No. 05-CV-157, 2005 WL 1475334, at *7 (D. Conn. 2005) (dismissing a claim for declaratory relief against a defendant with absolute immunity when the claim for declaratory relief was "intertwined" with the claim for money damages); Ippolito v. Meisel, 958 F. Supp. 155, 165 (S.D.N.Y. 1997) ("[C]ourts are not obliged to entertain actions for declaratory judgment not seeking prospective relief but merely declaring past wrongs."). Accordingly, Plaintiff's claims for declaratory and

injunctive relief against District Attorney Rice also must be dismissed.

V. Leave to Amend

The Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999); see also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). "Nonetheless, courts may deny leave to replead where amendment qualifies as futile." Herbert v. Delta Airlines, No. 12-CV-1250, 2014 WL 4923100, at *5 (E.D.N.Y. Sept. 30, 2014) (citing Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)). Here, because Plaintiff's claims fail a matter of law, there is no possibility that he can state plausible Section 1983 claims against Defendants. Thus, any attempt to replead would be futile and the Court therefore will not grant Plaintiff leave to replead. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [the pro se plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."). Plaintiff's claims are DISMISSED WITH PREJUDICE.

VI. Legal Malpractice Claim

Finally, to the extent Plaintiff asserts legal malpractice claims under state law, the Court declines

11

supplemental jurisdiction over them. These claims are DISMISSED WITHOUT PREJUDICE. See Tops Marks, Inc. v. Quality Markets, Inc., 142 F.3d 90, 103 (2d Cir. 1998) ("[W]hen all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise pendent jurisdiction over remaining state law claims and dismissing them without prejudice." (emphasis in original)).

CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss the Complaint (Docket Entries 17, 24, 37, 38, 46) are GRANTED, and Plaintiff's Section 1983 claims are DISMISSED WITH PREJUDICE. To the extent Plaintiff asserts legal malpractice claims under state law, such claims are DISMISSED WITHOUT PREJUDICE to refiling in state court.

The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and in forma pauperis status is therefore DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mark this matter CLOSED and to mail a copy of this Memorandum and Order to pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January  6 , 2015
       Central Islip, NY